## Re Bela A. Turner.

May Term, 1899.

Present: Taft, C. J., Rowell, Munson, Start and Thompson, JJ.

Opinion filed July 10, 1899.

*V. S. 1272—Deposition.*—Under V. S. 1272, the deposition of a resident of Vermont may be taken here to be used in a court without this State.

*V. S. 1256—Taking Deposition of Adverse Party—Motive Immaterial.*— The deposition of an adverse party may be taken in the same manner as the deposition of a witness not a party, and the motive in taking it, however unworthy, is immaterial.

*Deposition—Notice—Waiver by Appearance.*—An appearance at the taking of a deposition, without objection for want of notice, is a waiver of any irregularity therein.

*V. S. 1268.*—The relator was properly committed by the notary for refusing to give his deposition.

Habeas Corpus. Heard at the May term, 1899, of the supreme court for Orange county.

*David S. Conant* for the relator.

*Scott Sloane* for the defendant.

(1) Taft, C. J. The relator, a resident of this State, was committed to jail under V. S. 1268, for refusing to give his deposition, acting by the advice of his solicitor. He claims that no cause exists for taking his deposition; that he is not within any of the six sub-divisions of V. S. 1257. Sub-division 4 provides that a deposition may be taken when the deponent "resides without this State." A notary may take a deposition, V. S. 1258. These and all provisions of law authorizing the taking of depositions to be used in the courts of this State were made in all respects equally applicable to the purposes of obtaining depositions designed for use in courts without the State, by No. 16, Acts 1859, and are now so applicable. V. S. 1272. Under these provisions a deposition of a resident of this State may

be taken within this State to be used in a court without this State.

V. S. 1256 provides that a deposition may be admitted on the trial of a civil cause, and in Re Foster, 44 Vt. 570, it was held that a party may cause the deposition of an adverse party to be taken, in the same manner as the deposition of a witness not a party, and that having a legal right to take it, whether his motive was improper or unworthy, was immaterial.

(2) It is insisted that the notice of the taking was insufficient. It was given in New Hampshire in accordance with the law of this State. It does not appear what the law of New Hampshire is in regard to the notice required for the taking of a deposition. The admissibility of the deposition undoubtedly would depend upon the law of that State. In the absence of any showing upon that point, we presume the notice was sufficient, especially as the party appeared in response to it, consented to a continuance of the case, and at the time to which the taking was continued, appeared, and at no time objected to the taking of the deposition for 'want of notice. His appearance without objection for that reason, waived any irregularity therein. Had objection then been made and the notice insufficient, a new notice could have been given. The notary had jurisdiction of the subject matter and the parties. The fact that the deposition might be taken before a commissioner, under V. S. 1259, does not prohibit the taking of a deposition under any other mode authorized by the statute.

*The petition is dismissed and the relator remanded to his former custody.*